CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RKu
JUL 17 2008
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES D. ROBERTS,<br>Plaintiff, | )<br>) Civil Action No. 7:08cv00372<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| TERRY O'BRIEN, et al.,<br>Defendants. | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |

By memorandum opinion and order entered on July 7, 2008, the instant civil rights action, filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), was dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which the court may grant relief.[1] Plaintiff has filed a notice of appeal, and the matter has been transmitted to the United States Court of Appeals for the Fourth Circuit. The matter is now before the court upon consideration of plaintiff's motion [docket no. 12] "for a preliminary injunction and a temporary restraining order."

For the reasons stated in the court's opinion of July 7, 2008, plaintiff's request for injunctive relief regarding (i) the right to receive and retain newspapers and magazines while he is housed in the special housing unit[2] ("SHU") and (ii) the alleged housing of inmates in the SHU law library[3]

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] Plaintiff was advised that, although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Prisoners retain those rights which are not inconsistent with their status as prisoners or with legitimate penological objectives, and prison practices that impinge upon a prisoner's rights with respect to mail must be reasonably related to a legitimate penological interest. See Hudson v. Palmer, 468 U.S.
(continued...)

will be denied. Furthermore, plaintiff's request for an order preventing prison officials "from transferring plaintiff to any other facility while this case or appeal procedures are on-going" is denied. As plaintiff was informed in the court's opinion of July 7, 2008, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in any particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976).

A district court should issue preliminary injunctive relief only sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff

---

²(...continued)
517, 523 (1984); Altizer v. Deeds, 191 F.3d 540, 547 (4th Cir. 1999) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)) (a prison policy that impinges on an inmate's constitutional right is valid "if it is reasonably related to legitimate penological interests"). Bureau of Prison ("BOP") regulations permit Warden O'Brien to restrict the amount of personal property that a prisoner may retain in the SHU based on reasons of security, fire safety, or housekeeping considerations. 28 C.F.R. § 541.22(d); see also Turner, 482 U.S. at 89 (establishing a four-factor analysis for determining the constitutional validity of prison regulations). Additionally, the practice of limiting reading materials during such segregation, pursuant to 28 C.F.R. § 541.21(c)(8), bears a "valid, rational connection" to the legitimate governmental interest in deterring and punishing misbehavior, because permitting inmates whatever reading materials they desire would eliminate one of the punitive aspects of disciplinary segregation. See Turner, 482 U.S. at 89 (internal quotation marks omitted); see also Maydak v. United States, 98 Fed. Appx. 1 (D.C. Cir. April 20, 2004) (rehearing denied June 23, 2004) (plaintiff's claims failed "because he . . . alleged no facts showing that [the] BOP had any duty to deliver newspapers to him while he remained in disciplinary segregation"); Davis v. O'Brien, Civil Action No. 7:07-cv-00582 (W.D. Va. December 26, 2007) (citing the cases heretofore cited and concluding that being denied the right to receive newspapers while confined in administrative segregation did not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life; that BOP regulations permit Warden O'Brien to restrict the amount of personal property that a prisoner may retain in the SHU based on reasons of security, fire safety, or housekeeping considerations, in keeping with 28 C.F.R. § 541.22(d) and Turner; and that the practice of limiting reading materials during such segregation, pursuant to 28 C.F.R. § 541.21(c)(8), bears a "valid, rational connection" to the legitimate governmental interest in deterring and punishing misbehavior, because permitting inmates whatever reading materials they desire would eliminate one of the punitive aspects of disciplinary segregation).

³ The court's memorandum opinion of July 7, 2008, advised plaintiff that, while the conditions for "some" inmates at USP Lee may be uncomfortable, plaintiff has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has he demonstrated that, because of the conditions, he personally has sustained a serious or significant injury or is at risk of a future injury. In fact, plaintiff's own pleadings make it clear that he has been housed in the SHU, not the SHU law library. And, to the extent plaintiff alleged that the housing of inmates in the SHU library has caused him to be denied access to a law library, he failed to allege any facts which suggest that this alleged denial has caused him any actual injury or specific harm.

will suffer immediate and irreparable harm if the relief is not granted; 2) the likelihood of harm to the defendants if relief is granted; 3) the likelihood that plaintiff will eventually succeed on the merits; and 4) whether the public interest lies with granting the relief. Wetzel v. Edwards, 635 F.2d 283, 286-87 (4th Cir. 1980) (citing Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Given that plaintiff's allegations do not appear to state any constitutional claim, plaintiff has not established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Plaintiff has not alleged facts indicating that he will suffer immediate and irreparable harm in the absence of interlocutory injunctive relief of some kind. Accordingly, plaintiff's request for injunctive relief does not satisfy the "balance of hardships" test, and must be denied.

Insofar as plaintiff's request for injunctive relief could be construed as a request for a temporary restraining order, such orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity

to respond. See Fed. R. Civ. P. 65(b). Such an order would be effective only until such time as a hearing on a preliminary injunction could be arranged. Given that plaintiff has stated no claim of constitutional significance, and is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.[4]

The Clerk is directed to send a certified copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 17th day of July, 2008.

Senior United States District Judge

---

[4] Plaintiff has filed three complaints in this court regarding the same claims presented in this case. See Civil Action Nos. 7:08-cv-00372, 7:08-cv-00388, and 7:08-cv-00389. The documents filed in Civil Action Nos. 7:08-cv-00388 and 7:08-cv-00389 were reviewed in the consideration and dismissal of the instant case. Civil Action No. 7:08-cv-00388 was filed as a Bivens action, was clearly duplicative of the instant case, was administratively closed, and was not used to calculate a "strike" under 28 U.S.C. §1915(g). Civil Action No. 7:08-cv-00389 was submitted as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 1, 2008, the case, which essentially duplicated the civil rights claims put forth in Civil Action No. 7:08-cv-00372, was dismissed because the claims did not challenge the manner in which plaintiff's sentence is being executed, allege that he is in custody in violation of the Constitution or laws of the United States, or challenge the legality of his conviction and sentence.